UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLARENDON AMERICA INSURANCE COMPANY, PRAETORIAN SPECIALTY INSURANCE COMPANY<br>Plaintiffs | * * * * | CIVIL ACTION NO: |
| VERSUS | * | |
| CUSTOM HOMES BY JIM FUSSELL, INC., et al.<br>Defendants | * * * | JUDGE<br><br>MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Clarendon America Insurance Company ("Clarendon") and Praetorian Specialty Insurance Company ("Praetorian"), which respectfully show as follows:

I.

The "Defendants" are:

A. Custom Homes by Jim Fussell, Inc.,("Custom"), a corporation organized and formed in Louisiana, with its principal place of business in Louisiana;

B. John Williams, an individual of the full age of majority domiciled in Louisiana;

C. Mary Williams, an individual of the full age of majority domiciled in Louisiana.

II.

Clarendon is a Delaware corporation with its principal place of business in the State of New Jersey.

III.

Praetorian is a Delaware corporation with its principal place of business in the State of New York.

III.

This suit concerns potential coverage by Clarendon and Praetorian for losses under insurance policies issued to Custom. Custom and John and Mary Williams seek coverage and/ or defense costs for a property damage and bodily injury suit for which Clarendon and Praetorian deny coverage, all as discussed in more detail below.

IV.

Clarendon issued, from its managing general agent's office in Shreveport, Louisiana, a commercial general liability policy, number DSA014714, to Custom, with a policy period from May 14, 2005 to May 14, 2006. Clarendon also issued from its managing general agent's Shreveport office commercial general liability policy number DSA018311 to Custom for the period May 14, 2006 to May 14, 2007.

V.

Praetorian issued, from its managing general agent's office in Shreveport, Louisiana, a commercial general liability policy, number PSILA0002002, to Custom, with a policy period from May 14, 2007 to May 14, 2008. Praetorian also issued from its managing general agent's Shreveport office commercial general liability policy number PSILA0005612 for the period May 14, 2008 to May 14, 2009.

VI.

The Clarendon and Praetorian policies were issued, and have at all times been administered, in Shreveport, Caddo Parish, Louisiana, through the offices of Deep South Surplus, Inc., a managing general agent in Louisiana for Clarendon and Praetorian. The original application for the policies was received, and the policies rated, underwritten, approved and processed in Shreveport. The policies were executed, or bound, in Caddo Parish, Louisiana. Deep South's General Manager countersigned the policies on behalf of Clarendon and Praetorian in Shreveport. Clarendon and Praetorian's coverage decisions regarding the underlying suit were made in Shreveport. Venue is, therefore, proper in the United States District Court for the Western District of Louisiana.

VII.

John and Mary Williams filed suit against Custom in the 19th Judicial District Court, East Baton Rouge Parish, docket no. 546,682 (hereinafter, the "Underlying Suit"). In the Underlying Suit, John and Mary Williams claim that Custom built them a home that contains defects due to noncompliance with building standards, and other defects in

materials and workmanship. The Johnsons claim that Custom is liable under the New Home Warranty Act, and for breach of contract.

VIII.

In the Underlying Suit, the Johnsons identify $963,500 as the contract price for the building and erection of their house. According to an expert report generated on behalf of John and Mary Williams in conjunction with the Underlying Suit, the estimated cost to repair the Williams' house is $590,955.00.

IX.

Based upon the foregoing, and upon information and belief, the amount in dispute in the Underlying Suit, together with the defense costs associated with said lawsuit, all of which is being claimed from Clarendon, exceeds $75,000.00, exclusive of interest and costs. Therefore, the amount in dispute in this litigation is in excess of the jurisdictional limit for diversity jurisdiction.

X.

The Clarendon and Praetorian policies provide no defense or coverage for any of the losses or claims referred to in the Underlying Suit, for all the reasons set forth below.

XI.

The Clarendon and Praetorian policies' insuring agreement states that the insurer will pay those sums that the insured becomes legally obligated to pay "as damages" because of "bodily injury" or "property damage" or that is caused by an "occurrence."

XII.

The term "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

XIII.

The term "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The term "property damage" is defined to mean "physical injury to tangible property, including all resulting loss of use of that property," and "loss of use of tangible property that is not physically injured."

XIV.

Under the policies' insuring agreement, the insurance only applies if the "bodily injury" or "property damage" occurs during the policy period.

XV.

Under the policies' insuring agreement, the insurance only applies if the "property damage" or "bodily injury" first manifests during the policy period. The insurance does not apply to "property damage" or "bodily injury" that is continuous or progressively deteriorating and that first manifests prior to the effective date of the policy or after the expiration of the policy, even if such injury or damage continues or deteriorates during the time of the policy.

XVI.

No coverage is afforded and no defense is owed to Custom under the Clarendon and Praetorian policies because the losses and damages alleged in the Underlying Suit fall outside one or more of the aforementioned terms of the insuring agreement.

XVII.

Further, the Clarendon and Praetorian policies contain, in relevant part, certain exclusions. These exclusions include a contractual liability exclusion, a damages to property exclusion, work/product exclusions, a damage to impaired property exclusion, a punitive damages exclusion, and a professional services exclusion.

XVIII.

The contractual liability exclusion provides that the coverage does not apply to "'bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

XIX.

The damages to property exclusion, j(2), provides that the policies do not apply to "property damage" to "[p]premises you sell . . . if the 'property damage' arises out of any part of those premises."

The damages to property exclusion, j(5), provides that the polices do not apply to "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations[.]"

Under exclusion j(6), the insurance also does not apply to "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

XX.

The "your product" exclusion in the policies provide that the insurance does not apply to "'property damage' to 'your product' arising out of it or any part of it."

XXI.

The "your work" exclusion in the policies provides that the insurance does not apply to "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"

XXII.

The "damage to impaired property or property not physically injured" exclusion provides that the policies do not apply to "property damage" to "impaired property" or property that has not been physically injured, arising out of "(1) a defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms."

XXIII.

The punitive damages exclusion states that the policy excludes coverage for punitive or exemplary damages, fines or penalties imposed by law, and nothing contained

in any provision of this policy shall be deemed to provide coverage for any amount awarded as a punishment or deterrent or as punitive damages.

XXIV.

The professional services exclusion states that the insurance does not apply to "property damage" due to the rendering of or failure to render any "professional service."

XXV.

No insurance is afforded and/or no defense is owed to Custom and/or John and Mary Williams under the Clarendon and Praetorian policies because of the application of one or more of the above exclusions.

XXVI.

No coverage is available, and no defense is owed, under the Clarendon and Praetorian policies to the extent the known loss, or loss in progress doctrines are applicable.

XXVII.

The Clarendon and Praetorian policies contain certain condition precedents to coverage, which conditions are set forth, in pertinent part, in the section entitled "Duties in the Event of Occurrence, Offense, Claim or Suit." This section states that:

    a.  You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the 'occurrence' or offense took place;
        (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the 'occurrence or offense.

  b. If a claim is made or 'suit' is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or 'suit' and the date received; and
      (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or 'suit' as soon as practicable.

  c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit';
      (2) Authorize us to obtain records and other information;
      (3) Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'; and
      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## XXVIII.

No coverage is afforded and no defense is owed, under the Clarendon and Praetorian policies because the insured failed to comply with one or more of the foregoing conditions precedent.

## XXIX.

Defendants contend that they are entitled to indemnity, coverage, and/or a defense with respect to the Underlying Suit under the Clarendon and Praetorian policies.

9

XXX.

An actual, present and existing controversy has arisen between Clarendon and Praetorian on the one hand, and Custom and Mary and John Williams on the other, with respect to the existence and scope of Clarendon and Praetorian's coverage, indemnity and defense obligations, if any, with respect to the Underlying Suit. Clarendon and Praetorian desire a judicial declaration of their rights and duties, if any, under their policies.

WHEREFORE, CLARENDON AND PRAETORIAN PRAY that judgment be entered in their favor and against Custom and John and Mary Williams:

1. Declaring that the Clarendon and Praetorian policies do not afford coverage, indemnity or a defense for the matters alleged in the Underlying Suit; and

2. Granting such other and further relief as the Court deems just and proper.

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.

BY: s/ Donald Armand, Jr.
   Donald Armand, Jr., Bar No. 17444
   S. Michael Cooper, Bar No. 24057

400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390

ATTORNEYS FOR PLAINTIFF, CLARENDON
AMERICA INSURANCE COMPANY AND
PRAETORIAN SPECIALTY INSURANCE
COMPANY